**Vinod KUMAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70703.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 28, 2008.

Hardeep Singh Rai, Sabey M. Abraham, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Judith C. Preston, Esq, Jeffrey D. Preston, Esq., DOJ–U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Vinod Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

■ Substantial evidence supports the IJ's finding that Kumar is barred from asylum relief by virtue of the time limits set forth by 8 U.S.C. § 1158(a)(2)(B), because the record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5).

■ The IJ determined that Kumar was not credible because of material inconsistencies in his testimony regarding his first arrest, and because he gave different answers on his adjustment of status application and his asylum application with regard to the number of times he was arrested. Because these inconsistencies go to the heart of Kumar's claim, the adverse credibility determination is supported by substantial evidence. *See Li*, 378 F.3d at 962. Accordingly, Kumar's withholding of removal claim fails.

Because Kumar's CAT claim is based on the same evidence that the IJ found not credible, we deny the CAT claim as well.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**